UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

**UNITED STATES ASSOCIATION
OF REPTILE KEEPERS, INC.,**

    Plaintiff,

    v.                                                                          Case No.: _____-Civ

**DOUG BURGUM**, in his official capacity
as Secretary of Interior; United States **FISH
AND WILDLIFE SERVICE**; and **BRIAN
NESVICK**, in his official capacity as Director, United States Fish and Wildlife Service,

    Defendants.
_____/

**COMPLAINT FOR DECLARATORY RELIEF AND
PETITION FOR EXTRAORDINARY RELIEF IN THE NATURE OF MANDAMUS**

Plaintiff, UNITED STATES ASSOCIATION OF REPTILE KEEPERS, INC., by and through undersigned counsel, files this Complaint for Injunctive, Declaratory, and Mandamus Relief, and in support thereof, alleges as follows:

**INTRODUCTION**

1. This is an action for declaratory and extraordinary relief in the nature of mandamus brought by Plaintiff United States Association of Reptile Keepers against Defendants Doug Burgum, in his official capacity as Secretary of the Interior; the United States Fish and Wildlife Service; and Brian Nesvik, in his official capacity as Director of the United States Fish and Wildlife Service, for violations of statutory law.

2. Defendants have a nondiscretionary duty under the Endangered Species Act (ESA), as amended, 16 U.S.C. § 1531 et seq., to conduct status reviews of species listed as threatened or endangered for more than five years. Defendants have failed to conduct such reviews as

    required by ESA § 4(c)(2), resulting in numerous foreign species remaining listed without timely status reviews to ensure the continued propriety of their classifications.

3. This action seeks to compel Defendants to perform agency actions unlawfully withheld or unreasonably delayed pursuant to the Administrative Procedure Act (APA), 5 U.S.C. § 551 *et seq.*, and to compel officers and employees of the United States and its agencies to perform duties owed to Plaintiff under the mandamus provisions of 28 U.S.C. § 1361.

4. This action further seeks declarations of rights and duties pursuant to 28 U.S.C. §§ 2201 and 2202.

5. Plaintiff brings this action for a declaration of Defendants' responsibility to conduct the mandatory status reviews required by the ESA and to compel Defendants to perform those reviews in accordance with the statute's mandatory requirements. This suit will help ensure that Defendants administer and enforce the ESA consistent with its intended purpose, which is protecting species truly threatened with extinction. 16 U.S.C. § 1531(b).3

## JURISDICTION

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (actions arising under the laws of the United States); 5 U.S.C. § 702 (judicial review of federal agency actions unlawfully withheld or unreasonably delayed); 16 U.S.C. § 1540(c) (actions arising under the Endangered Species Act); and 16 U.S.C. § 1540(g), (ESA citizen suit provision).

7. The Secretary has failed to conduct a status review for the black caiman (*Melanosuchus niger*), which has been listed for more than five years, as required by 16 U.S.C. § 1533(c)(2)(A). Plaintiff asserts that this failure to engage in conduct required by law constitutes agency action unlawfully withheld or unreasonably delayed. An actual controversy

therefore exists between the parties within the meaning of the Declaratory Judgments Act, 28 U.S.C. § 2201(a).

8. On July 18, 2025, Plaintiff served written notice of its intent to commence this action upon Defendants pursuant to 16 U.S.C. § 1540(g)(2)(C). Defendants acknowledged receipt of the notice on July 30, 2025. *See* Exhibit 1, attached hereto and incorporated herein by reference.

9. Despite the expiration of the statutory sixty-day notice period, Defendants have failed to take any action to remedy the violations of law identified in the notice, including the failure to conduct the required status review

10. This Court may grant relief pursuant to 5 U.S.C. §§702, 706 (judicial review of agency action); 16 U.S.C § 1540(g) (ESA citizen suit provision); 28 U.S.C. §1361 (the Mandamus Act); 28 U.S.C. §1651 (the All Writs Act); and 28 U.S.C. §§2201-02 (the Declaratory Judgment Act).

## VENUE

11. Venue is proper in the United States District Court for the District of Columbia under 28 U.S.C. § 1391(e)(1) because Defendants reside in this district and because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

12. The United States Association of Reptile Keepers (USARK) is a national 501(c)(6) nonprofit membership organization dedicated to advocating for the responsible keeping, breeding, and conservation of reptiles and amphibians. USARK's members include reptile keepers, breeders, zoological institutions, veterinarians, scientists, educators, and related businesses located throughout the United States. USARK represents members who currently possess black caiman (*Melanosuchus niger*), as well as members who would lawfully acquire, breed, or

3

otherwise work with the species but for the restrictions imposed by its continued listing under the Endangered Species Act (ESA).

    a. The black caiman has been listed since 1976.

    b. To Plaintiff's knowledge, no periodic status reviews for the species, as required by Section 4(c)(2) of the ESA, have been conducted.

    c. The failure of the Service to conduct this mandatory review has resulted in the continued application of regulatory restrictions that are unsupported by current biological and conservation data.

    d. These restrictions have imposed concrete economic, operational, and logistical burdens on USARK members, including limits on possession, transfer, captive breeding, and sustainability of the domestic population.

    e. As a result, USARK and its members have been injured and continue to be injured by the Service's failure to review the status of the black caiman to determine whether its continued listing as endangered remains warranted or whether its classification should be revised or removed. USARK and its members therefore have a direct and substantial interest in ensuring that the status of listed species is reviewed periodically, in accordance with the mandatory requirements of the ESA.

13. Defendant Doug Burgum is sued in his official capacity as Secretary of the United States Department of the Interior. In his official capacity, Congress has delegated to the Secretary responsibility for the implementation and administration of the Endangered Species Act (ESA). The Secretary's responsibilities include administering the ESA for the benefit of listed species and the public, including ensuring that required status reviews of listed species are conducted pursuant to 16 U.S.C. § 1533(c)(2)(A).

14. Defendant United States Fish and Wildlife Service (USFWS) is a federal agency within the United States Department of the Interior and has been delegated authority to administer and implement the ESA, including responsibility for conducting five-year status reviews of listed species.

15. Defendant Brian Nesvik is sued in his official capacity as Director of the United States Fish and Wildlife Service. The Secretary has delegated substantial ESA authority to the Director of USFWS, including responsibility for ensuring that status reviews of currently listed species are conducted in accordance with 16 U.S.C. § 1533(c)(2)(A).

## EXHAUSTION OF REMEDIES

16. Plaintiff has exhausted all available administrative remedies. There is no administrative, statutory, or regulatory remedy available to address the violations at issue, and no alternative avenue for review under the Endangered Species Act or the Code of Federal Regulations applicable to Plaintiff's claims.

## LEGAL FRAMEWORK

17. Congress enacted the Endangered Species Act (ESA) to provide "a program for the conservation of endangered species and threatened species." 16 U.S.C. § 1531(b).

18. As part of this statutory program, Defendants are authorized to list a species as endangered or threatened if it meets one or more of the factors set forth in the ESA. 16 U.S.C. § 1533(a)(1)(A)–(E). Those factors are:

    a. the present or threatened destruction, modification, or curtailment of the species' habitat or range;
    b. overutilization for commercial, recreational, scientific, or educational purposes;
    c. disease or predation;

    d.  the inadequacy of existing regulatory mechanisms; or

    e.  other natural or manmade factors affecting the species' continued existence.

19. In making listing determinations, the Secretary is required to act "solely on the basis of the best scientific and commercial data available" after conducting a review of the status of the species and taking into account conservation efforts undertaken by States or foreign nations to protect the species. 16 U.S.C. § 1533(b)(1)(A).

20. The Secretary is required to publish in the Federal Register a list of all species determined to be endangered species and a list of all species determined to be threatened species. 16 U.S.C. § 1533(c)(1).

21. The Secretary is further required to conduct, at least once every five years, a status review of each species included on the lists published pursuant to 16 U.S.C. § 1533(c)(1) that remains in effect at the time of review, and to determine whether any such species should be removed from the list, reclassified from endangered to threatened, or reclassified from threatened to endangered. 16 U.S.C. § 1533(c)(2)(A)–(B).

## FACTUAL ALLEGATIONS

22. The black caiman (*Melanosuchus niger*) was listed as an endangered species pursuant to *Endangered Status for 159 Taxa of Animals*, 41 Fed. Reg. 24,062 (June 14, 1976), and remains listed as endangered. Upon information and belief, Defendants have never conducted the five-year status review required by 16 U.S.C. § 1533(c)(2) for this species.

23. Pursuant to the listing authority set forth in 16 U.S.C. § 1533(a)(1)(A)–(E), Defendants or their predecessors listed the black caiman (*Melanosuchus niger*) as an endangered species under the Endangered Species Act.

24. The black caiman has remained listed for decades.

25. Despite the passage of far more than five years since its listing, Defendants have failed to conduct the mandatory status review required by 16 U.S.C. § 1533(c)(2).

26. By failing to conduct this required status review in a timely manner, Defendants continue to expend substantial agency resources enforcing the ESA's prohibitions and administering regulatory restrictions applicable to the black caiman without first determining whether the species' continued listing as endangered remains warranted under current scientific and commercial data.

27. Defendants' failure to conduct the required review also prevents consideration of whether the species' status should be revised or removed from the list, as required by statute.

28. On July 18, 2025, Plaintiff transmitted a written Notice of Intent to Sue to Defendants pursuant to 16 U.S.C. § 1540(g)(2)(C), providing notice of Defendants' failure to conduct the mandatory five-year status review required by 16 U.S.C. § 1533(c)(2) for the black caiman (*Melanosuchus niger*).

29. By letter dated July 30, 2025, the United States Fish and Wildlife Service acknowledged receipt of Plaintiff's Notice of Intent to Sue.

30. In that correspondence, the Service expressly recognized Plaintiff's allegation that Defendants had failed to complete required five-year status reviews under the Endangered Species Act.

31. The Service further did not dispute that the required five-year status review for the black caiman had not been completed.

32. Instead, Defendants cited internal workload considerations and limited resources, requested patience, and asked Plaintiff to refrain from filing suit.

33. Defendants' acknowledgment confirms that the Service is aware of its failure to conduct the mandatory status review for the black caiman and has affirmatively chosen not to perform the required review within the time mandated by statute.

34. Resource constraints, workload considerations, or internal prioritization decisions do not excuse Defendants from complying with the nondiscretionary duty imposed by 16 U.S.C. § 1533(c)(2) to conduct five-year status reviews of listed species.

35. The duty imposed by 16 U.S.C. § 1533(c)(2) to conduct five-year status reviews is mandatory and nondiscretionary, and the failure to conduct such reviews constitutes agency action unlawfully withheld within the meaning of 5 U.S.C. § 706(1). *Florida Home Builders Association v. Norton*, 496 F. Supp. 2d 1330 (M.D. Fla. 2007).

36. *Florida Home Builders* further held that resource constraints, workload considerations, or internal prioritization decisions do not excuse compliance with the ESA's mandatory deadlines and do not bar judicial relief compelling agency action. 496 F. Supp. 2d at 1336.

37. Despite receiving formal notice and acknowledging the alleged statutory violation, Defendants have taken no action to initiate or complete a status review of the black caiman. The failure to act constitutes agency action unlawfully withheld and unreasonably delayed within the meaning of the Administrative Procedure Act, 5 U.S.C. § 706(1).

**DECLARATORY RELIEF ALLEGATIONS**

38. Under the Declaratory Judgment Act, 28 U.S.C. § 2201(a), this Court may declare the rights and legal relations of the parties where an actual controversy exists within its jurisdiction.

39. Defendants' failure to conduct the mandatory five-year status review of the black caiman (*Melanosuchus niger*), as required by 16 U.S.C. § 1533(c)(2), constitutes agency action unlawfully withheld within the meaning of 5 U.S.C. § 706(1). As recognized in *Florida Home*

*Builders Association v. Norton*, the failure to perform this nondiscretionary duty gives rise to an actual, justiciable controversy. Accordingly, an actual controversy exists between the parties within the meaning of the Declaratory Judgment Act, 28 U.S.C. § 2201(a).

## FIRST CLAIM FOR RELIEF
### Failure to Conduct Five-Year Status Review in Violation of 16 U.S.C. § 1533(c)(2)

40. Plaintiff incorporates herein by this reference the allegations set forth in all preceding paragraphs of this complaint.

41. The Defendants have a mandatory and nondiscretionary duty under the Endangered Species Act to conduct a status review of each listed species at least once every five years. 16 U.S.C. § 1533(c)(2).

42. The black caiman (*Melanosuchus niger*) has been listed as an endangered species since 1976, far longer than five years, yet Defendants have failed to conduct the five-year status review required by 16 U.S.C. § 1533(c)(2).

43. Defendants' failure to conduct the required five-year status review of the black caiman violates the Endangered Species Act and is unlawful.

## SECOND CLAIM FOR RELIEF
### Violation of the Administrative Procedure Act, 5 U.S.C. § 706(1)

44. Plaintiff incorporates herein by this reference the allegations set forth in all preceding paragraphs of this complaint.

45. Defendants have a mandatory and nondiscretionary duty under the Endangered Species Act to conduct a five-year status review of the black caiman pursuant to 16 U.S.C. § 1533(c)(2).

46. Defendants have failed to take the discrete agency action required by law by failing to conduct the mandatory five-year status review of the black caiman.

47. Defendants' failure to conduct the required status review constitutes agency action unlawfully withheld and unreasonably delayed within the meaning of the Administrative Procedure Act, 5 U.S.C. § 706(1).

**PRAYER FOR RELIEF**

48. WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor and grant the following relief:

49. A declaratory judgment that Defendants have violated 16 U.S.C. § 1533(c)(2) of the Endangered Species Act by failing to conduct the mandatory five-year status review of the black caiman (*Melanosuchus niger*);

50. A declaratory judgment that Defendants' failure to conduct the mandatory five-year status review constitutes agency action unlawfully withheld in violation of the Administrative Procedure Act, 5 U.S.C. § 706(1);

51. An order compelling Defendants to conduct the five-year status review required by 16 U.S.C. § 1533(c)(2) for the black caiman within a reasonable period of time;

52. An award of reasonable attorney and expert witness fees and costs pursuant to 16 U.S.C. § 1540(g)(4);

53. An award of reasonable attorney and expert witness fees and costs pursuant to 28 U.S.C. § 2412;

54. Such other and further relief as the Court deems just and proper under the circumstances.

Dated: February 19, 2026                    */s/ David A. Garcia*
                                            DAVID A. GARCIA
                                            Fla. Bar No. 1015673
                                            David Garcia, P.A.
                                            739 Washington Ave., Suite 909
                                            Homestead, FL 33030-9998
                                            Office: (305) 319-1309
                                            Dir. 786-553-5430
                                            Email: david@davidgaricalaw.com

                                            *Counsel for Plaintiff*